GREGORY T. DOMBROWSKI and SANDRA DOMBROWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dombrowski v. Commissioner
Docket No. 10871-78.
United States Tax Court
T.C. Memo 1980-261; 1980 Tax Ct. Memo LEXIS 321; 40 T.C.M. (CCH) 697; T.C.M. (RIA) 80261; July 21, 1980, Filed *321 Gregory T. Dombrowski, pro se. Joseph R. Peters, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $2,278 in petitioners' Federal income tax for 1975 together with an addition to tax under section 6653(a) [1]/ in the amount of $114. The issues for decision are as follows: 1. Whether an agreement whereby petitioners purportedly conveyed their lifetime services to a trust is effective to relieve them of Federal income taxes on their earnings for 1975; and 2. Whether any part of the underpayment of tax for 1975 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Petitioners Gregory T. Dombrowski (Gregory) and Sandra Dombrowski (Sandra) were legal residents of Wisconsin when they filed their petition. They timely filed a joint Federal income tax return for 1975 with the Internal Revenue Service Center, Kansas City, Missouri. On December 26, 1972, petitioners *322 created the Gregory T. & Sandra Dombrowski Family Estate (A Trust) to which as grantors they purportedly transferred their lifetime earnings as follows: * * * [As] of THIS date, I hereby similarly and IRREVOCABLY convey by and through this conveying agreement, the exclusive use of my lifetime services to said Trust, including ALL my earned remuneration and ALL ancillary benefits and bonuses of whatsoever nature from ALL and ANY outside source which may be generated by said services, the same from THIS date forth being solely controlled, directed and owned in fee simple by said Trust, WITH THE EXCEPTION OF any benefits accruing to THIS CONVEYER from Social Security and/or any personally developed retirement benefits resulting from my direct remuneration as a Self Employed Person, e.g., TRUST MANAGER of said Trust, and any applicable distributions to Unit Holders of said Trust; and, FURTHER EXCLUDING any "sick" benefits that may accrue to me from any outside source of employment, OR any recoverable moneys resulting from suits at law of whatsoever nature, OR insurance benefits resulting from sickness or accident; and/or any death benefits, retirement benefits, pension benefits, profit *323 sharing benefits that MAY ACCRUE TO ME from any and all outside sources of employment, with the understanding that when any or all applicable contributions made to the above mentioned "Funds" are, in the normal course of events, chargeable to THIS Grantor - Creator - Conveyer as earned and taxable income to ME, such moneys will be reported on my individual Form 1040, and said sums will NOT be included in THIS TRUST's reportable Gross Income as reportable on its Form 1041 * * *. During 1975, Gregory was employed by the Heil Company, Milwaukee Forge, Ludell Manufacturing Company, and N. D. Nugent Company. When he received his wages from his employers, he took the checks, stamped them for deposit only, and deposited them in a bank account maintained in the name of the trust. Gregory as "Trust Manager" and Sandra as "Trust Secretary" were authorized to draw checks on the account. The bank was authorized to pay the checks whether they were-- payable to cash, bearer or the order of the Trust or to any third party or to the order of the signing Trustee or Manager or Secretary of THIS TRUST in either individual or official capacity. From this account petitioners paid their personal *324 expenses. The original beneficiaries of the trust were petitioners. In 1972, petitioners had their original certificates of beneficial interest reissued to their daughter, Tiffany, who was 4 years of age in 1975. For 1975, the trust reported Gregory's wages in the amount of $13,573.52 as income, and in the notice of deficiency respondent determined that this amount is taxable to petitioners. OPINION In a long list of cases this Court has held that so-called family trust arrangements are not effective to deflect taxpayers' earnings from themselves to trusts. See, e.g., (Mar. 31, 1980), on appeal (10th Cir., June 2, 1980); (Mar. 31, 1980); ; , affd. per order (7th Cir., June 7, 1978), cert. denied . Such an arrangement violates the fundamental principle that income is taxable to the one who earns it. ; . *325 Accordingly, petitioners are taxable on Gregory's earnings in 1975. [2]/ Petitioners have offered no substantial evidence to show that they were not negligent and did not intentionally disregard rules and regulations within the meaning of section 6653(a). [3]/ We think the whole trust arrangement was a tax avoidance scheme so drastic that it could not have been entered into innocently. Petitioners have failed to carry their burden of proving that respondent's determination is erroneous. To reflect the foregoing, *326 Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.
2. /↩ Because we find the assignment of income doctrine here applicable, it is unnecessary to deal with other arguments advanced by respondent.
3. / SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or International Disregard of Rules and Regulations With Respect to Income or Gift Taxes.-- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩